RECEIVED
SEP 12 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| DONNELL GRAY | CIVIL ACTION NO. 06-609-P |
|---|---|
| VERSUS | JUDGE STAGG |
| LARRY DEAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Donnell Gray, pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 7, 2006. Plaintiff alleges his civil rights were violated by prison officials while incarcerated at the Bossier Parish Sheriff Correctional Facility in Plain Dealing, Louisiana. He names the Bossier Parish Sheriff Correctional Facility, Larry Dean, Captain Rucker and Lt. Gray as defendants.

Plaintiff filed his civil rights complaint and his IFP application. The Court then sent Plaintiff a Memorandum Order granting his application to proceed in forma pauperis. However, that Memorandum Order was returned to this Court on May 5, 2006, by the United

---

[1]This decision is not intended for commercial print or electronic publication.

States Postal Service marked "Released." To date, Plaintiff has not informed this Court of his new address.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for dismissal for failure to prosecute. See ULLR 41.3W.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 12th day of September 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE